IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,                ORDER

        v.                              20-cr-131-wmc-1

MELVIN P. POTTS,

                Defendant.

---

A hearing on the probation office's petition for judicial review of Melvin P. Potts' supervised release was held on October 10, 2024, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Aaron Wegner. Defendant was present in person and by counsel Alexander Vlisides. Also present was U.S. Probation Officer Brittany Schwonke.

## FACTS

From the record, I make the following findings of fact. Defendant was sentenced in the Western District of Wisconsin on May 14, 2021, following his conviction for distribution of 50 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B), a Class B felony. Defendant was committed to the custody of the Bureau of Prisons to serve a mandatory minimum term of 60 months imprisonment, with a 4-year term of supervised release to follow, in the hopes that his addiction to that substance could be overcome after a period of forced sobriety.

Defendant began his term of supervised release on December 19, 2023. However, on June 14, 2024, the court was notified of defendant's non-compliance with his court-ordered conditions, which included returning sweat patches, had tested positive for methamphetamine. (Dkt. #37.)

Nevertheless, upon the recommendation of the Probation Office, the court ordered no further action at that time to allow the defendant to participate in a 120-day public law placement at Rock Valley Community Programs (RVCP), where he could receive continuing substance abuse treatment in a more structured environment. Unfortunately, now 37 years old, the defendant appears to have continued to violate his conditions of supervised release as set forth in the Probation Office's petition filed in September 2024 (dkt. #38) and supplemental petition in October 2024 (dkt. #44).

Most concerning, defendant violated the mandatory condition of supervised release that requires him not to possess a controlled substance and Standard Condition No. 5 that requires him not to possess or use a controlled substance. Specifically, between February and May 2024, defendant was subject to drug testing via sweat patch. During this timeframe, defendant returned three more sweat patches that tested positive for methamphetamine and two, additional sweat patches that tested positive for methamphetamine and amphetamine. Then, on June 13 and August 29, 2024, he submitted a urine specimen that tested positive for 3,4-Methylenedioxy methamphetamine (MDMA), amphetamine, and methamphetamine. Further, on June 17 and August 30, 2024, defendant submitted urine specimens that tested positive for amphetamines. Next, on September 8, 10, and 16, 2024, defendant submitted urine specimens that tested positive for amphetamine and methamphetamine. Finally, defendant violated Special Condition No. 15 requiring him to submit to drug testing when, on August 28 and 31, 2024, he was scheduled and instructed to provide urine specimens for random drug screens at RVCP, but failed to do so within the required two-hour timeframe on both occasions.

## CONCLUSIONS

While defendant's violations warrant revocation, the court will defer ruling to give him one last chance to demonstrate he is capable of maintaining sobriety.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on May 14, 2021, is CONTINUED and that the following new condition no. 16 replace that imposed on February 6, 2024.

16) Spend at least 90 days and up to 180 days at the Jessie Crawford Recovery Center, with admission upon the first available vacancy. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment, and other passes *pre-approved by his supervising probation officer*. Defendant is to pay his own medical expenses, if any, and is to pay the daily costs of residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising probation officer.

Entered this 10th day of October 2024.

BY THE COURT:

WILLIAM M. CONLEY
District Judge