IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

ORDER

v.

20-cr-131-wmc-1

MELVIN P. POTTS,

Defendant.

A hearing on the probation office's petition for judicial review of Melvin Potts' second term of supervised release was held on September 24, 2026, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Steven Anderson. Defendant was present in person and by counsel Alexander Vlisides. Also present was U.S. Probation Officer Yang Moua.

FACTS

From the record, I make the following findings of fact. Defendant was sentenced in the Western District of Wisconsin on May 14, 2021, following his conviction for distribution of 50 grams or more of a mixture or substance containing methamphetamine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B), a Class B felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of 60 months' imprisonment, with a 4-year term of supervised release to follow.

On December 19, 2023, defendant began his initial term of supervised release. However, on April 24, 2025, his first term of supervised release was revoked, and defendant was sentenced to the custody of the Bureau of Prisons for a term of 12 months' imprisonment

and 1-day, with a 36-month term of supervised release to follow. On September 8, 2025, defendant began his second term of supervised release.

Defendant violated the mandatory condition stating he shall not illegally possess a controlled substance, and Standard Condition No. 5, stating that he shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Specifically, on October 23, 2025, as well as March 25, April 28, and June 3, 2026, defendant submitted urine samples that tested positive for marijuana, and he admitted to consuming the illicit substance. On May 28, 2026, defendant again submitted a urine sample that tested positive for marijuana and cocaine, after which he admitted to using these illicit substances. On June 3 and July 14, 2026, defendant also submitted a urine sample that tested positive for marijuana and methamphetamine, then admitted to using these illicit substances. Finally, on August 26 and September 19, 2026, defendant once more submitted urine samples that tested positive for methamphetamine, and he once more admitted to using meth.

Defendant also violated Standard Condition No. 3, which states that he shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the court. Instead, from December 16, 2025, to March 18, 2026, defendant did not obtain employment, and his supervising probation officer did not excuse him from working regularly at a lawful occupation, although defense counsel disputes this violation on the grounds that he had applied for jobs and by February he had at least applied to a food service training program. Moreover, from March 19 through May 29, 2026, defendant

participated in that occupational training program offered by Just Dane of Madison, Wisconsin, but was excused from the good conduct employment requirement. Unfortunately, after completing the program in May, he was unable to secure any verifiable employment for the entire summer. On September 8, 2026, he later reported securing employment with Madison Northside Planning Council Inc. in Madison, Wisconsin, which offers another 90-day training program in a so-called "food business incubator."

Defendant next violated Standard Condition No. 9, requiring him to notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer and mandatory condition to not commit another federal, state, or local crime. Specifically, on July 4, 2026, defendant was arrested by members of the University of Madison, Wisconsin, Police Department and was booked into the Dane County Jail for possession of methamphetamine and drug paraphernalia. On July 7, 2026, defendant was released from state custody, but he failed to report his police contact to his supervising probation officer as required. While defendant was not prosecuted as a result of this law violation, during an office contact on July 13, 2026, defendant *denied* having any recent police contact when questioned by his supervising probation officer.

Finally, defendant violated Special Condition No. 15, requiring that he submit to drug testing. On January 29, 2026, defendant refused to submit a urine sample for drug testing while meeting with his supervising probation officer. On April 6, May 18, and July 2, 2026, defendant refused to submit urine samples at ATTIC Correctional Services (ATTIC) in Madison. Similarly, on June 9, and August 25, 2026, defendant failed to report to ATTIC to submit for drug testing as required.

Although there is good grounds to revoke on this record, the court will hold a final decision to give the defendant an opportunity to follow through on his commitment to the FEED Kitchen Program, Rogers Behavioral Health Therapy, and his own sobriety.

ORDER

IT IS ORDERED that this hearing is suspended for up to 120 days and Δ remains subject to the terms and conditions of his ongoing supervision.

Entered this 24th day of September 2026.

BY THE COURT:

WILLIAM M. CONLEY
District Judge